# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Recio, | No. CV-15-01689-PHX-SPL (JZB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT COURT JUDGE:

**I.  Summary**

Petitioner pleaded guilty to attempted first-degree murder, aggravated assault, and assisting a criminal street gang, but now asserts he was innocent of the offense because of his interpretation of the evidence. Petitioner offers no further evidence of his claims. Petitioner's state post-conviction proceedings were dismissed as untimely. Petitioner's claims are unexhausted and procedurally defaulted, and Petitioner does not present cause and prejudice to excuse the default. Petitioner's actual innocence argument, if cognizable, also fails for the same reasons as his argument under *Schlup v. Delo*: Petitioner fails to prove that no reasonable juror would have convicted him. Therefore, the Court will recommend that the Petition be denied with prejudice.

## II. Factual and Procedural Background

### a. Facts of the Crimes

The Presentence Report includes a summary of the underlying facts of Petitioner's offenses[1]:

> On March 4, 2014, at approximately 2246 hours, the defendant, Martin Recio and two co-defendants attempted to commit first[-]degree murder by committing a drive-by shooting and endangering multiple victims inside a residence. All three suspects fled the scene in a co-defendant's car.
>
> A traffic stop was attempted on the suspect's vehicle but the driver then committed unlawful flight from law enforcement by fleeing multiple fully marked police vehicles. Department of Public Safety (DPS) patrol and air unit was called [in to] assist with the pursuit of the suspects. DPS successfully performed a pit maneuver on the suspect's car bringing it to a stop near 43rd Ave and Van Buren.

(Doc. 22-1, Ex. I, at 41.)

### b. Trial Court Proceedings, Guilty Plea, and Sentencing

On June 13, 2014, Petitioner was charged with attempted first degree murder, class 2 dangerous felonies (Counts 1 and 2); drive by shooting, a class 2 dangerous felony (Count 3); assisting a criminal street gang, a class 3 felony (Count 4); discharge of a firearm at a structure, a class 3 dangerous felony (Count 5); misconduct involving weapons, a class 4 felony (Count 7); five counts of endangerment, class 6 felonies (Counts 9-13); and two counts of aggravated assault, class 3 dangerous felonies (Counts 14 and 15). (Doc. 22-1, Ex. A, at 3-8.)

On July 11, 2014, Petitioner participated in a settlement conference. (Doc. 22-2, Ex. W, at 11.) The plea offered to Petitioner remained open until August 11, 2014. (*Id.* at 32.)

On August 7, 2014, Petitioner pleaded guilty to Count 1 (attempted first-degree murder), Count 14 (aggravated assault), and Count 4 (assisting a criminal street gang). (Doc. 22-2, Ex. X, at 47-48.) Petitioner agreed that the following facts, provided by his

---

[1] Presentence reports are an appropriate source for the facts underlying a defendant's convictions. *See State v. Rose*, 297 P.3d 906, 912 (2013).

counsel, were true:

> [Petitioner] was one of four individuals who participated in a drive-by shooting on March 4, of 2014, at a residence in Chandler. He was not the driver, but he did fire a number of shots at the victim, Michael T[]'s, residence with premeditation and intent to shoot up the house. Additionally, there were three children inside that residence. Nobody was injured, but there were several bullets that hit that home. He did this pursuant to, and at the direction of Nevario, assisting First Avenue Crime Dog, and a street gang, to promote or assist that gang's premediated murder.

(*Id*. at 52-53.) Petitioner stipulated to a term of imprisonment between 22 and 28 years. (Doc. 22-1, Ex. F, at 27.) The State agreed to dismiss the remaining counts, the allegation of Petitioner's prior felony convictions, and an allegation that Petitioner was on probation at the time of the crime. (*Id*.) The court found the plea was knowingly, intelligently, and voluntarily made. (*Id.* at 19.)

The Presentence Report contains a summary of Petitioner's statement:

> On September 5, 2014, this officer conducted an interview with the defendant at Fourth Avenue Jail. During the interview the defendant admitted to sitting in the back seat of the car and firing five rounds towards the residential structure. He stated the plan was to scare the victims not kill them, although he does admit that he was aware that there was a chance that someone could be hit and possibly killed.
>
> In the terms of the stipulated sentences, the defendant feels that it is too harsh. He feels that a seven to ten year sentence would be more appropriate.

(*Id*. at 42.)

On October 9, 2014, the court sentenced Petitioner to the minimum term of 22 years imprisonment. (Doc. 22-1, Ex. L, at 64.) At the sentencing, Petitioner was notified of his rights for post-conviction relief (PCR). (Doc. 22-1, Ex. M, at 69.)

### c. Post-Conviction Relief Proceedings

On March 18, 2015, Petitioner signed,[2] and subsequently filed, a Notice of Post-

---

[2] Petitioner is entitled to the benefit of the mailbox rule for prisoner filings. *See State v. Rosario*, 987 P.2d 226, 228 (Ariz. Ct. App. 1999) ("If [the petitioner] timely gave his notice of petition for post-conviction relief to the Arizona Department of Corrections ('ADOC') for mailing, his notice must be considered timely filed.").

- 3 -

Conviction Relief (PCR), a PCR Petition, and a request for preparation of PCR record. (Doc. 22-1, Exs. N-P, at 72, 75, 80.) Petitioner argued that he was forced to sign a plea agreement and he wanted "to know if it's possible for the att. murder to get dropped since there [was] no sign of it." (Doc. 22-1, Ex. P, at 82.)

On June 18, 2015, the court dismissed the PCR Notice as untimely. (Doc. 22-1, Ex. Q, at 87.) The court found that Petitioner "offers no excuse" regarding the untimeliness. (*Id*.) Petitioner concedes that he did not appeal this ruling. (Doc. 11 at 5.)

### d. Petitioner's Habeas Claims

On August 26, 2015, Petitioner filed a Petition for Writ of Habeas Corpus, which was dismissed with leave to amend. (Docs. 1, 6.) On October 9, 2015, Petitioner filed an Amended Petition, which was also dismissed with leave to amend. (Docs. 8, 10.) On November 16, 2015, Petitioner filed a Second Amended Petition for Writ of Habeas Corpus. (Doc. 11.) Petitioner alleges:

> (1) ineffective assistance of counsel based upon trial counsel's failure to adequately advise him prior to his guilty plea and failure to communicate a second plea offer
>
> (2) actual innocence based upon his position in the vehicle at the time of the shooting
>
> (3) insufficient evidence based on lack of identification by victims
>
> (4) actual innocence based upon Petitioner's statements to police denying involvement in the shooting

## III. Application of Law

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.

### a. The Petition is timely.

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). On June 18, 2015, the court dismissed the PCR Notice as untimely. (Doc. 22-1, Ex. Q, at 87.) On November 16, 2015, Petitioner filed the Second Amended Petition for Writ of Habeas Corpus. (Doc. 11.) The Petition is timely.

### b. Procedural Default

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31–32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's

claims. *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297–99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53, 59 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731–32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed,* 489 U.S. 255, 260 (1989).

A procedurally defaulted claim may not be barred from federal review, however, "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jones*, 691 F.3d at 1101 (quoting *Coleman*, 501 U.S. at 732. *See also Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998) (the cause and prejudice standard applies to *pro se* petitioners as well as to those represented by counsel). To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008). "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*,

741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996). Where a petitioner fails to establish either cause or prejudice, the court need not reach the other requirement. *See Hiivala v. Wood*, 195 F.3d 1098, 1105 n.6 (9th Cir. 1999); *Cook*, 538 F.3d at 1028 n.13. Lastly, "[t]o qualify for the 'fundamental miscarriage of justice' exception to the procedural default rule" a petitioner "must show that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense." *Cook*, 538 F.3d at 1028 (quoting *Murray*, 477 U.S. at 496). *See also Schlup v. Delo*, 513 U.S. 298, 329 (1995) (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.

## IV. DISCUSSION

### a. Grounds One through Four are defaulted.

In Ground One, Petitioner alleges (1) that "my lawyer poorly represented me by not showing me what specific[] evidence that the chandler police department had on me" (Doc. 11 at 6), and (2) that counsel "failed to tell me that there was other pleas other than this one." (Doc. 11 at 6.) In Ground Two, Petitioner claims that was actually innocent because of his seating position in the car, and that he "got charged for attempted murder cause of other people having mixed stories." (Doc. 11 at 7.) In Ground Three, Petitioner claims insufficient evidence based on lack of identification by victims. (Doc. 11 at 8.) In Ground Four, Petitioner claims he is innocent because he told the detective he "did not have any involvement in the shooting." (Doc. 11 at 9.)

1  Petitioner's claims are unexhausted, except for his claim in Ground One regarding a second plea offer. Claims raised for the first time on habeas review are not exhausted because they were not fully and fairly presented to state courts. *See* 28 U.S.C. § 2254(b). The failure to fairly present these claims has resulted in procedural default because Petitioner is now barred from returning to state courts. *See* Ariz. R. Crim. P. 32.2(a), 32.4(a). *See also Coleman*, 501 U.S. at 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas.").

Petitioner's claim regarding a second plea offer is devoid of any evidence or factual argument. Petitioner's only reference to this claim is in Ground One where Petitioner asserts counsel "failed to tell me that there was other pleas other than this one" and "if I would have known there was other pleas I would never signed this plea." (Doc. 11 at 6.) Petitioner's failure to provide evidence or development of his argument precludes habeas relief. *See Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir.2011) ("[Petitioner's] cursory and vague claim cannot support habeas relief"); *Jones v. Gomez*, 66 F.3d 199, 204–05 (9th Cir. 1995) (stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief.).

Also, the claim regarding the plea offer is procedurally defaulted because his PCR petition was dismissed as untimely. On June 18, 2015, the trial court dismissed the PCR petition as untimely pursuant to Rule 32.1(f) of the Arizona Rules of Criminal Procedure. (Doc. 22-1, Ex. Q, at 87.) Petitioner's failure to comply with the time requirements set forth in Rule 32.1 for filing a petition for review is an independent and adequate state law ground to support the court's judgment. Accordingly, Petitioner's argument is procedurally defaulted. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 665 (9th Cir. 2005) (procedural default applies to bar federal habeas review when state court declines to address federal claims for failure to meet state procedural requirements).

- 8 -

### b. Lack of Excuse for Procedural Default

Petitioner offers no grounds to excuse the procedural default by a showing of cause and prejudice. Pursuant to the "cause and prejudice" test, a petitioner must point to some external cause that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted). Petitioner presents no grounds to excuse his default.

Petitioner can still avoid the procedural default if he can demonstrate that a fundamental miscarriage of justice would result from this Court's failure to reach the merits of the claim. The "miscarriage of justice" exception is limited to petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327. "A petitioner need not show that he is 'actually innocent' of the crime he was convicted of committing; instead, he must show that 'a court cannot have confidence in the outcome of the trial.'" *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) (quoting *Carriger v. Stewart*, 132 F.3d 463, 478 (9th Cir.1987) (en banc)) (quoting *Schlup*, 513 U.S. at 316). The Ninth Circuit has not decided "whether the *Schlup* actual innocence gateway always applies to petitioners who plead guilty." *Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas… For purposes of our analysis, however, we assume without deciding that the actual innocence gateway is available to [the defendant]."). In any event, the Court concludes that Petitioner's gateway claim fails.

Petitioner fails to satisfy the fundamental miscarriage of justice exception relating

1 to his charges. Petitioner admitted his guilt when he pleaded guilty. Petitioner's avowals
2 at a plea hearing, as well as any findings made by the judge accepting the plea, constitute
3 a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*,
4 431 U.S. 63, 73–74 (1977). "Solemn declarations in open court carry a strong
5 presumption of verity." *Id.*; *see also Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012)
6 ("Petitioner's statements at the plea colloquy carry a strong presumption of truth.").

7 Prior to his guilty plea, Petitioner participated in a settlement conference. The
8 prosecutor outlined the evidence arrayed against Petitioner. (Doc. 22-2, Ex. W, at 20-21.)
9 In response, Petitioner stated "I mean, I just feel like if you – if like you guys run it
10 concurrent, then I will sign." (Doc. 22-2, Ex. W, at 21.) Throughout his trial court
11 proceedings, Petitioner admitted his guilt and sought only to reduce his term of
12 imprisonment. During the settlement conference, Petitioner and his counsel spoke on the
13 record.

> THE DEFENDANT: Yeah, I was in the car, but I didn't pull no trigger or nothing.
>
> MS. DROBAN: But, A, do you understand that doesn't really matter? If Lonell's statements come in, which they will, you're going to be convicted under accomplice liability. Does that make sense or do you have questions on that?
>
> THE DEFENDANT: Yeah, that makes sense. I just feel that's too much time, but there ain't nothing I can do because I'm not trying to take it to trial.

20 (Doc. 22-2, Ex. W, at 31.)

21 During the settlement conference, the court stated: "It sounds like the prosecutor
22 has a pretty good case because of the witnesses involved, because of the physical
23 evidence . . . .You know, apparently, they were two piles of casings, so it looks like there
24 were two shooters. There were two individuals in the cars -- in the car who said that you
25 were one of the shooters. And I'm getting this from the probable cause statement." (Doc.
26 22-2, Ex. W, at 22.) Petitioner must demonstrate that no juror, acting reasonably, would
27 have voted to find him guilty beyond a reasonable doubt, or that this Court cannot have
28 confidence in the outcome of the proceedings. *Schlup*, 513 U.S. at 314–15; *Jones v.*

*Taylor*, 763 F.3d 1242 (9th Cir. 2014) (finding even recantation testimony insufficient under the facts of the case "because we cannot say that every juror would credit her recantation testimony over her trial testimony"). Here, the Court is left with nothing other than Petitioner's assertions of his innocence and claim that the eyewitness testimony can be interpreted in different ways. This Court cannot say that no juror, acting reasonably, could find Petitioner guilty beyond a reasonable doubt. Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000) (citing *Calderon v. Thomas*, 523 U.S. 538, 559 (1998)).

Petitioner offers no grounds to excuse his procedural default, and he does not satisfy the 'fundamental miscarriage of justice' exception to the procedural default rule.

### c. Actual Innocence

Assuming that Petitioner is asserting actual innocence claims in Grounds Two and Four, presumably under *Herrera v. Collins*, 506 U.S. 390 (1993), and such claims are cognizable in these proceedings,[3] the Court finds that Petitioner has not met his burden under these claims. "[T]he *Herrera* majority's statement that the threshold for a freestanding claim of innocence would have to be extraordinarily high, contemplates a stronger showing than insufficiency of the evidence to convict." *See Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc) (internal citations omitted). Petitioner failed to meet the lower standard of actual innocence under the *Schlup* gateway (*supra*, at 9-11), and, therefore, does not meet his burden to proceed on his *Herrera* claims.

### V. Evidentiary Hearing

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638

---

[3] The United States Supreme Court has not explicitly held that a "freestanding" claim of factual innocence, i.e., one unaccompanied by a substantive claim of constitutional error in trial proceedings, provides a basis for federal habeas relief in a non-capital case. *See Jones*, 763 F.3d at 1246 ("We have not resolved whether a freestanding actual innocence claim is cognizable in a federal habeas corpus proceeding in the non-capital context, although we have assumed that such a claim is viable.").

- 11 -

F.3d 1027, 1041 (9th Cir. 2011).

## CONCLUSION

Based on the above analysis, the Court finds that Petitioner's claims are unexhausted and procedurally defaulted. Petitioner also cannot satisfy his burden regarding any freestanding actual innocence claims. The Court will therefore recommend that the Second Amended Petition for Writ of Habeas Corpus (Doc. 11) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 11) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not satisfied his burden regarding a freestanding actual innocence claim.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's

1 | Report and Recommendation. *See* Fed. R. Civ. P. 72.

2 | Dated this 17th day of October, 2016.

Honorable John Z. Boyle
United States Magistrate Judge